NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

PREISER SCIENTIFIC, INC.,
Respondent.

No. 11242.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 9, 1967.

Decided Dec. 4, 1967.

L. B. Kent, Columbus, Ga., for appellants.

Morton Hollander, Richard S. Salzman, Jack H. Weiner, Attys., Dept. of Justice, Washington, D. C., Carl Eardley, Acting Asst. Atty. Gen., Floyd M. Buford, U. S. Atty., for appellee.

Before BROWN, Chief Judge, FAHY * and DYER, Circuit Judges.

Elliott Moore, Attorney, N.L.R.B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Thomas Canafax, Jr., Attorney, N.L.R.B., on brief), for petitioner.

Frederick F. Holroyd, Charleston, W. Va., for respondent.

* Senior Circuit Judge of the D.C. Circuit, sitting by designation.

Before BRYAN and WINTER, Circuit Judges, and W. W. JONES, District Judge.

PER CURIAM:

This is a petiton by the National Labor Relations Board for effectuation of its decision and order of June 6, 1966, 158 NLRB No. 133. With the Food Store Employees Union, Local 347, Amalgamated Meat Cutters and Butchers Workmen of North America, AFL-CIO, as the charging party, the Board found the respondent Preiser Scientific, Inc., of Charleston, West Virginia, had violated Sections 8(a) (1), 8(a) (3) and 8(a) (5) of the Act, 29 U.S.C. § 158(a) (1), (3) and (5). Countering, the respondent company seeks vacation of the order as unsustained by substantial evidence and as offending procedural due process. We enforce the order. Section 10(e), 29 U.S.C. § 160(e).

 The 8(a) (1) accusations related to the interrogation and polling of the employees in respect to their continued preference for a union after a majority of them had signed union representation cards. Thereafter the employees announced their determination not to bring in the union. The 8(a) (3) infractions averred were the discharges of two employees for union solicitation. The issue was whether the employer at the time they were terminated was aware of their organization participation. Refusal to bargain once the employee-majority representation was established by the cards was declared to be an 8(a) (5) offense. From a review of the whole record we cannot say that these findings and conclusions are without substantial evidential support. Particularly, the cards did not have the infirmities we found to render them unreliable under the principles we stated, and now reaffirm, in Crawford Manufacturing Co., Inc. v. NLRB, 386 F.2d 367 (4 Cir. decided Oct. 27, 1967); NLRB v. S.S. Logan Packing Company, 386 F.2d 562 (4 Cir., decided Oct. 27, 1967).

The due process point was that the General Counsel was permitted by the trial examiner to amend the complaint, after submission of the case, so as to add an allegation of supervisory status of one employee. The employer argues he was unfairly refused an opportunity to give rebuttal proof on the allegation. The contention is unsound. While the amendment pleaded this status in connection with a subsequent issue, the question had already been tried before the examiner on an earlier issue, upon evidence adduced by the employer as well as General Counsel. Consequently, the amendment did not deprive the employer of any hearing but merely applied the same proof to the second issue.

Order enforced.